# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| BRANDON A. BEAUFORD, | ) |
|    Plaintiff, | ) |
| v. | ) No. 2:24-cv-02695-SHL-cgc |
| JEFFREY RIEMS, EAN HOLDINGS, LLC, and JOHN DOES 1-10, | ) |
|    Defendants. | ) |

**ORDER GRANTING IN PART AND DENYING IN PART JOINT MOTION TO EXTEND PRE-TRIAL DEADLINES AND DENYING DEFENDANT EAN HOLDINGS, LLC'S MOTION TO BE EXCUSED FROM MEDIATION**

The motions before the Court raise several issues about the next steps in this litigation, primarily related to the ADR deadline. To begin, the scheduling order originally required the parties to mediate this matter by April 2, 2025. (ECF No. 20 at PageID 78.) Six weeks after the April 2 deadline expired, the parties jointly moved to extend it, and the Court reluctantly did so, extending the deadline to July 15. (ECF No. 37 at PageID 136.) But the parties' unexplained delay in scheduling mediation has created a larger scheduling crunch. (See ECF No. 39.) They now seek to extend most of the remaining deadlines in the scheduling order because Plaintiff's expert disclosures are due ten days before the new mediation date, and the parties wish to avoid "significant expert-related costs in advance of mediation, which may prove unnecessary if the matter resolves." (Id. at PageID 141.) They have also had trouble scheduling depositions. (Id.) Thus, they request to extend most of the remaining discovery deadlines and the deadlines for both dispositive and Daubert motions by thirty days. (Id.)

A court may only extend a scheduling order deadline for "good cause." Fed. R. Civ. P. 16(b)(4); Fed. R. Civ. P. 6(b)(1). "Good cause requires the moving party to show that it could

not meet the scheduling order's deadline despite that party's diligence." (ECF No. 20 at PageID 80); see also Inge v. Rock Fin. Corp., 281 F.3d 613, 625 (6th Cir. 2002). Here, the parties do not explain when they began trying to schedule depositions, what the obstacle to scheduling is, and why they cannot overcome it. And the fact that the mediation is now set to occur after Plaintiff is required to disclose experts is an issue of the parties' own making.

Nevertheless, to avoid potentially unnecessary expenses, the joint motion to extend is **GRANTED IN PART**. The Court sees no reason to extend any of the deadlines except those relating to expert disclosures. Given that the ADR is scheduled for June 19, the party bearing the burden must now disclose experts by **June 26**, and rebuttal experts must be disclosed by **July 25**. All of the other deadlines in the scheduling order remain the same. The parties are cautioned against asking for any more extensions absent extraordinary circumstances and a sufficient explanation of those circumstances.

Defendant EAN Holdings, LLC also separately seeks to be excused from Court-ordered mediation as a whole because its counsel "lacks authority to settle the matter" due to a perceived "lack of evidence on Plaintiff's vicarious liability and negligent entrustment claims against it." (ECF No. 38 at PageID 137–38.) Thus, EAN argues that it "cannot meaningfully participate at mediation if it cannot contribute to settlement." (Id. at PageID 138.) As an initial matter, EAN's motion is late, and it has not shown any excusable neglect for its tardiness. See ADR Plan Rule 2.2(a) (stating that a motion to opt out of ADR "must be made within fourteen (14) days from [] the date of the Rule 16 scheduling conference"). But more importantly, EAN must show "good cause" for it to be excused from the mediation, and it has not done so. See ADR Plan Rule 2.2(c).

"Inconvenience, travel costs, attorney fees or other costs shall not constitute good cause. A party seeking relief from ADR must set forth the reasons why ADR has no reasonable chance of being productive."  Id.  A party's mere belief that mediation will not lead to settlement is not sufficient.  See Perry v. JTM Cap. Mgmt., LLC, 18-CV-566, 2019 WL 5085357, at *1 (W.D.N.Y. July 9, 2019) ("The parties' lack of faith that a settlement may be reached at this juncture does not release them from their obligation to mediate, however. . . . Automatic referral of newly filed cases clearly contemplates early intervention in the litigation process, often before any discovery has been conducted when the strength of the plaintiff's case is still unknown.  In this regard, this case is no different than the other cases referred to ADR while in this posture."). Thus, EAN's motion is **DENIED**.

**IT IS SO ORDERED**, this 6th day of June, 2025.

s/ Sheryl H. Lipman<br>
SHERYL H. LIPMAN<br>
CHIEF UNITED STATES DISTRICT JUDGE